## 10311

### STATE v. GANDY.

#### (101 S. E. 644.)

1. HOMICIDE—DEFENDANT HAS BURDEN OF PROVING APPARENT NECES-
SITY FOR KILLING IN SELF-FEFENSE.—The law imposes on one who
killed another the burden of proving, not that the necessity did in
fact exist, but that the circumstances were such as to warrant a man
of ordinary reason and courage in concluding that it did exist, and
that he did in fact so believe.

2. CRIMINAL LAW—INSTRUCTION ON SELF-DEFENSE NOT MISLEADING.—
Part of instruction on self-defense, "If he has shown that, he is
required to go further and show by the same measure of proof that
the necessity did then and there exist for him to take the life of the
deceased," *held* not misleading or erroneous, when considered in con-
nection with the remainder of the instruction.

Before SEASE, J., Darlington, Fall term, 1918. Affirmed.

Bud Gandy was convicted of manslaughter, and appeals.

·Exceptions of Appellant. It is respectfully submitted that
his Honor, the presiding Judge, committed error in his
charge to the jury in defining the rule of self-defense, which
was one of the defenses of the defendant when he used the
following language: "If he has shown that, he is required
to go further and show by the same measure of proof that
the necessity did then and there exist for him to take the
life of the deceased."

In that this charge to the jury placed a burden on the
defendant greater than the law requires, in that it required
the defendant not only to show that he was free from fault
in bringing on the difficulty and to show by the preponder-
ance of the testimony that any man of ordinary prudence and
courage would have been warranted in coming to the con-
clusion that the necessity did then and there exist to take
life to save himself from serious bodily harm or from losing
his own life, but also to require the defendant to show that
the necessity did then and there exist for him to take the

life of the deceased. On the ground that said charge is erroneous, in that it is unsupported and contrary to the rule of law of self-defense in this State in placing upon the defendant the additional burden of proving that the necessity did then and there exist.

*Mr. E. C. Dennis,* for appellant, cites: *As to the law of self-defense:* 3 L. R. A. (N. S.) 543; 13 S. C. 464; 29 S. C. 201; 13 R. C. L. 818.

*Mr. Solicitor J. Monroe Spears,* for the State (oral argument).

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On indictment for murder, defendant set up self-defense, and was convicted of manslaughter.

In declaring the law of self-defense to the jury, after saying that defendant must prove that he was without fault in bringing on the difficulty, the Court continued:

"If he has shown that by the preponderance of the testimony, he must go further and show that any man of ordinary prudence and courage would have been warranted in coming to the conclusion that the necessity did then and there exist to take life, to save himself from serious bodily harm, or from losing his own life. *If he has shown that, he is required to go further and show by the same measure of proof that the necessity did then and there exist for him to take the life of the deceased.* A man may act, however, from appearance, and if it turns out, if the appearances are such that a man of ordinary courage, firmness, and prudence would have been justified in coming to the conclusion that the necessity did then and there exist to strike to save himself from serious bodily harm or death that would be suf-

ficient, although it turned out afterwards that there was no actual danger present, and that the necessity to strike did not exist."

Exception is taken to the words italicized, on the ground that the Court thereby imposed upon defendant a greater burden than the law required. The law imposes on a defendant the burden of proving, not that the necessity did in fact exist, but that the circumstances were such as to warrant a man of ordinary reason and courage in concluding that it did exist, and that defendant himself did in fact so believe, and no doubt that is really what the Court intended to say.

Standing alone, the instruction complained of would be erroneous; but when it is read in connection with the preceding and following sentences, we are satisfied the jury were not misled, especially when it is considered in connection with what immediately follows it, in which the jury were told that defendant had the right to act upon appearances, and if they were such that a man of ordinary prudence and courage would have been justified in coming to the conclusion that the necessity did exist, that was sufficient, although it afterwards turned out that it did not in fact exist, which shows that defendant was not required to prove the necessity did in fact exist, but only that it appeared to exist.

Judgment affirmed.